UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HEATHER M. RIMMER,**

            **Plaintiff,**            6:12-cv-775
                                                           (GLS)

            v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Secuirty,[1]

            **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter W. Antonowicz<br>148 West Dominick Street<br>Rome, NY 13440 | PETER W. ANTONOWICZ, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | BENIL ABRAHAM<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Heather M. Rimmer challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)[2]  After reviewing the administrative record and carefully considering Rimmer's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

---

[2] In her Complaint, Rimmer appeals the denial of her "claim for Social Security Disability Benefits." (Compl. ¶¶ 3-4.)  However, she applied for SSI and not for Disability Insurance Benefits (DIB).  On various occasions Rimmer's counsel has initiated actions before the court challenging the denial of DIB, using similarly imprecise language.  *See, e.g.*, *Comito v. Colvin*, No. 6:12-cv-22, 2013 WL 2444189, at *1 n.2 (N.D.N.Y. June 5, 2013); *Stelter v. Colvin*, No. 5:12–cv–93, 2013 WL 1703598, at *1 n.2, n.5 (N.D.N.Y. Apr. 19, 2013); *Cadrette v. Astrue*, No. 6:11–cv–320, 2012 WL 1416267, at *1 n.1 (N.D.N.Y. Apr. 24, 2012).  In the interest of justice, the court will examine Rimmer's claims on the merits.  The court's patience with counsel's inartful pleading practices has grown thin, however, and this generous ruling should not be mistaken for an endorsement or condonation of counsel's careless methods, which could create a jurisdictional defect requiring dismissal.  Further, the court appreciates that this action was pending at the time it first warned counsel of his unacceptable practices in *Comito*.

2

## II. Background

On August 6, 2009, Rimmer filed an application for SSI under the Social Security Act ("the Act"), alleging disability since July 1, 2005. (*See* Tr.[3] at 72, 118-23.)  After her application was denied, (*see id.* at 73-76), Rimmer requested a hearing before an Administrative Law Judge (ALJ), which was held on January 12, 2011, (*see id.* at 29-71, 87).  On February 25, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-5, 13-28.)

Rimmer commenced the present action by filing her Complaint on May 10, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.)  Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 13, 15.)

## III. Contentions

---

[3] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 9.)

Rimmer contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 13 at 8-17.) Specifically, Rimmer argues that the ALJ: (1) improperly evaluated the opinion evidence of record; (2) erred in determining her residual functional capacity (RFC); and (3) failed to correctly evaluate her credibility. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 15 at 5-11.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 13 at 3-5; Dkt. No. 15 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[4] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of*

---

[4] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

4

*Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Weighing Opinion Evidence

Rimmer argues first that the ALJ improperly evaluated the opinion evidence. (*See* Dkt. No. 13 at 8-12.) Specifically, Rimmer contends that the opinion of her treating psychiatrist Firooz Tabrizi, indicating that she "had significant limitations in almost every daily activity that requires mental or emotional activity over an [eight] hour block of time on a daily basis," should have been given "great weight." (*Id.* at 9.)[5] Dr. Tabrizi's opinion was bolstered by evidence showing "lifelong psychiatric difficulties," according to Rimmer. (*Id.* at 9.) The Commissioner asserts that Dr. Tabrizi's opinion was not entitled to controlling weight, or even significant weight, because it was inconsistent with other evidence of record. (*See* Dkt. No. 15 at 5-9.) The court is in agreement with the Commissioner.

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported

---

[5] Notably, Rimmer's argument is limited to her nonexertional limitations. (*See* Dkt. No. 13 at 8-11.)

5

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. § 416.927(c)(2)-(6).

Here, after noting that Dr. Tabrizi was Rimmer's "former treating psychiatrist," the ALJ explained that his opinion was entitled to "less weight" than the opinions of Drs. David Stang, a consultative psychologist, and T. Andrews, a state agency medical consultant. (Tr. at 21-23.) The ALJ properly acknowledged that Dr. Tabrizi, who treated Rimmer from August 2009 to December 2010, opined in December 2010 that she had marked—*i.e.*, she was "effectively precluded from performing [certain activities] in a meaningful manner"—limitations in several areas. (*Id.* at 22, 365-66.) Dr. Tabrizi also indicated that Rimmer was significantly limited but not precluded from understanding, remembering, and carrying out simple instructions. (*See id.* at 365.) The ALJ noted that it was unclear

whether Dr. Tabrizi's October 2010 treatment notes, which signified that Rimmer was anxious, reflect objective findings or merely recorded her subjective complaints.  (*See id.* at 21, 336.)

Because Dr. Tabrizi's opinion regarding the severity of Rimmer's limitations was inconsistent with substantial evidence[6] of record, however, the ALJ did not err in giving less than controlling weight to his opinion.  In particular, Dr. Stang conducted a psychiatric evaluation of Rimmer in January 2010.  (*See id.* at 299-309.)  After his examination, Dr. Stang opined that Rimmer "c[ould] follow basic work-related instructions."  (*Id.* at 309.)  Dr. Andrews assessed Rimmer as, among other things, having no significant limitation in her ability to understand, remember, and carry out simple instructions, and only moderate limitations in her ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically-based symptoms, interact appropriately with the general public, and deal with

---

[6] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

supervisors and coworkers.  (*See id.* at 325-26.)  These opinions are further supported by notations that, on certain occasions, among other things, Rimmer's mood and affect were stable, and her GAF scores indicated only moderate symptoms or difficulty.  (*See id.* at 204-05, 248, 261, 289, 296); Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Rev. 2000).

Consistent with the requirements of 20 C.F.R. § 416.927, which was specifically cited by the ALJ, he determined that Dr. Tabrizi's more restrictive opinion was not supported by his treatment notes, (*see id.* at 23), a legitimate basis for discounting opinion evidence, *see* 20 C.F.R. § 416.927(c)(3).  The court also notes that Rimmer's contention that the ALJ erred because he failed to "indicate[] the weight accorded to any medical source in the record" contrary to 20 C.F.R. § 416.927, (*see* Dkt. No. 13 at 9-10), is obviously belied by the ALJ's assignment of "significant weight" to the opinions of Drs. Stang and Andrews, and "less weight" to that of Dr. Tabrizi.  (Tr. at 23.)

**B.    RFC Determination**

In a two-sentence argument, Rimmer claims that the ALJ committed error in determining her RFC.  (*See* Dkt. No. 13 at 12.)  Rimmer's

8

contention relies on the same argument she makes regarding the ALJ's "failure to appropriately accord weight to the opinions of treating sources regarding [her] non-exertional impairments." (*Id.*)  For the reasons explained above, the ALJ did not err in weighing the opinions of record, and this argument is similarly without merit.

## C.     Credibility

Lastly, Rimmer argues that the ALJ improperly evaluated her credibility.  (*See id.* at 13-17.)  In the main, Rimmer complains that the ALJ failed to follow the applicable regulations, and, instead, misstated or overstated her abilities and ignored that Dr. Tabrizi's opinion supported her allegations of limitation.  (*See id.* at 15-17.)  The court disagrees.

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted).  In performing this analysis, the

ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg. 34,483, 34,485 (July 2, 1996). Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 416.929(c)(3)(i)-(vi)).

Here, the ALJ determined that Rimmer's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not fully credible to the extent they are inconsistent with the evidence of record." (Tr. at 22.) In particular, the ALJ found Rimmer's allegations "not consistent with the majority of clinical findings or her sporadic treatment history," "not supported by her ability to perform a variety of activities, many of which involve concentration and socializing," and undercut by her "relatively poor work history and criminal record." (*Id.* at 21-22.) The credibility determination is amply supported, and it reflects a fair application

10

of the governing regulation.

Despite Rimmer's claims at the hearing of having a multitude of issues concentrating, dealing with others, completing household chores, playing with her children, and caring for herself and her children, to name a few, (*see, e.g.*, id. at 44, 46, 51, 52, 60-62, 69), the record is replete with contradictory evidence, (*see, e.g.*, *id.* at 145-46, 148-49, 308-09, 348, 351). It should be noted that the ALJ did not find Rimmer entirely incredible. Indeed, the ALJ's RFC determination—finding that Rimmer retained the ability to, among other things, "perform simple tasks with supervision and independently," and "relate to and interact appropriately with others but should not have frequent contact with co-workers, supervisors and the public"—reflects Rimmer's severe limitations and adequately accounts for them. (*See id.* at 19-20.) Moreover, it is clear that the ALJ appropriately considered the factors set forth in 20 C.F.R. § 416.929(c)(3) by his specific reference to § 416.929, and discussion of Rimmer's daily activities, the intensity of her symptoms, medications, and treatment. (*See* Tr. at 20-23.)

**D.     Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

11

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Rimmer's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 26, 2013
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court